CRICHTON, J.,
additionally concurs and assigns reasons.
Ill agree with the majority’s decision to grant the State’s writ on the juror misconduct issue. Specifically, the State correctly lodged its procedural objection under the Jury Shield Law, La. C.E. art. 606(B), and the trial court should have sustained the objection. Clearly, the claims do not constitute grounds for relief as they do not pertain to extraneous prejudicial influence but, rather, various aspects of the deliberative process by this jury more than two decades ago.
I also agree with the majority that a proper showing has been made by defense counsel as to this capital defendant’s intellectual disability claim. In light of the affidavits by defense experts, and notwithstanding the penalty phase testimony of his IQ, which is above 70, the trial court should consider defendant’s evidence of adaptive functioning. Intellectual disability is a condition, not a number. See Hall v. Florida, — U.S. -, -, 134 S.Ct. 1986, 2001, 188 L.Ed.2d 1007 (2014).
I also write separately to express my concern over the inordinate span of time that has elapsed since a jury of twelve citizens recommended that this defendant be sentenced to death. Specifically, the crime occurred in 1990; the trial took place in 1996; the Louisiana Supreme Court affirmed the conviction and death sentence in 2000[1] and the U.S. Supreme Court denied review in 2001.[2] In an | «¡apparent place-holder strategic maneuver, the defendant filed a “shell” application for post-conviction relief in 2001 and then, 11 and 12 years later in 2012 and 2013, filed counseled supplements with trial court rulings finally entered in 2015. Now, in 2016 (after the savage murder, two decades after the verdict, and more than a decade after the “shell” application) this case, on collateral review, has finally reached this Court. In my view, this gamesmanship and delay is unreasonable and unacceptable.
KNOLL, J., would grant in full.
CLARK, J., would grant in full.
HUGHES, J., would grant in full.
CRICHTON, J., additionally concurs and assigns reasons.
HUGHES, J., dissents and would grant the writ in full.

. State of Louisiana v. Frank Ford Cosey, 97-KA-2020 (La.11/28/00), 779 So.2d 675, reh’g denied 1/12/01.

. Frank Ford Cosey v. Louisiana, 53 U.S. 907, 121 S.Ct. 2252, 150 L.Ed.2d 239 (2001), reh’g denied, 6/6/01.